**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. CR 09-2284-TUC-CKJ |
| vs. ) | |
| DARIO GUTIERREZ-MENDIVIL, ) | **ORDER** |
| Defendant. ) | |

Pending before the Court is Defendant's Motion for Reduction of Sentence in Light of the November 1st 2010 Amendments to the U.S.S.G. (Doc. 23). The Government has not filed a response.

*Procedural Background*

On or about October 24, 2009, Dario Gutierrez-Mendivil ("Gutierrez-Mendivil") was indicted on one count of Re-Entry After Deportation in violation of 8 U.S.C. § 1326, as enhanced by 8 U.S.C. § 1326(b)(2). On December 9, 2009, Gutierrez-Mendivil pleaded guilty to the indictment pursuant to a plea agreement. Pursuant to the written plea agreement, Gutierrez-Mendivil waived "any and all motions . . . which [Gutierrez-Mendivil] could assert to the . . . entry of judgment against Gutierrez-Mendivil and imposition of sentence upon [Gutierrez-Mendivil] consistent with this agreement." 12/9/09 Plea Agreement, p. 6. Pursuant to the terms of the plea agreement, Gutierrez-Mendivil was subject to a sentencing range of 33 to 41 months.

The Pre-Sentence Report found a base offense of Level 8. Sixteen levels were added

because Gutierrez-Mendivil was deported after being convicted of a felony drug-trafficking offense for which the sentence imposed exceeded 13 months imprisonment. Three levels were subtracted for acceptance of responsibility. Based on a Total Offense Level 21 and Criminal History Category II, the Sentencing Guidelines provided for a sentencing range of 46-57 months. This Court sentenced Gutierrez-Mendivil to the custody of the Bureau of Prisons for a period of 33 months to be followed by a 36 month term of supervised release. This represented a three-level downward departure from the guideline range.

*Waiver*

Gutierrez-Mendivil waived any claim he could assert to the imposition of sentence upon Gutierrez-Mendivil consistent with the Plea Agreement. Gutierrez-Mendivil has not asserted that the sentence imposed upon him is not consistent with the plea agreement. Plea agreements "are contractual in nature and subject to contract-law standards." *United States v. Sar-Avi*, 255 F.3d 1163, 1166 (9th Cir. 2001), *quoting United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997). The government must be held to the literal terms of the agreement and bear the responsibility for any lack of clarity. *Id.*, *citing United States v. Phillips*, 174 F.3d 1074, 1075 (9th Cir. 1999).

Generally, a waiver will be enforced if the agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Gutierrez-Mendivil's plea agreement expressly waived any motion contesting the imposition of the sentence consistent with the agreement. The Court finds Gutierrez-Mendivil expressly waived any motion contesting the imposition of sentence. Moreover, Gutierrez-Mendivil has not asserted that his plea agreement was not knowingly and voluntarily entered into. Denial of the Motion for Reduction of Sentence in Light of the November 1st 2010 Amendments to the U.S.S.G. is appropriate pursuant to the waiver provision.

*Modification of Sentence*

Gutierrez-Mendivil appears to assert that the Court should have considered his age, mental and emotional conditions, physical conditions, and past military service. However, that information was included in the pre-sentence report and considered by the Court.[1]

Gutierrez-Mendivil also requests this Court to modify his sentence based on the amended U.S.S.G. 2L1.2.[2] The amended commentary to that section includes the following:

> 8. <u>Departure Based on Cultural Assimilation</u>.--There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

U.S.S.G. § 2L1.2, Application Note 8. The Court's authority to reconsider a sentence is expressly limited by statute and rule. 18 U.S.C. § 2106; 18 U.S.C. § 3582; Fed.R.Crim.P. Although a court may correct obvious sentencing errors, it does not have inherent power to resentence a defendant at any time, reconsider the sentence, or change its mind. *United States v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000). However, a sentence may be modified:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent

---

[1] The Court notes that the pre-sentence report indicates that Gutierrez-Mendivil did not serve in the military.

[2] This argument fails to consider that the Court, in sentencing Gutierrez-Mendivil pursuant to the plea agreement, sentenced Gutierrez-Mendivil below the guideline range.

- 3 -

that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

This Court must apply the version of the Guidelines that are in effect at the time of sentencing unless such application would present an *ex post facto* problem. *United States v. Robinson*, 958 F.2d 268, 272 (9th Cir. 1992). This Court has the discretion "to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993), *quoting* 18 U.S.C. § 3582(c)(2) (1988). The Sentencing Guidelines provide:

> (1) <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.– Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a). Section 1B1.10(c) lists numerous amendments, but it does not include amendment 740, which amended U.S.S.G. § 2L1.2. Therefore, the 2010 amendment to U.S.S.G. § 2L1.2 cannot be applied retroactively. This Court, therefore, does not have the authority to modify Gutierrez-Mendivil's sentence.

Additionally, the 2010 amendment to U.S.S.G. § 2L1.2 limited its applicability to those situations in which a defendant has formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, those cultural ties provided the primary motivation for the defendant's illegal reentry, and a downward

- 4 -

departure is not likely to increase the risk to the public from further crimes of the defendant. Gutierrez-Mendivil has not made any showing that the departure is applicable in his case. Indeed, the pre-sentence report indicates Gutierrez-Mendivil received nine years of schooling in Mexico and does not indicate that Gutierrez-Mendivil received any schooling in the United States. The report further indicates Gutierrez-Mendivil was born in Caborca, Sonora, Mexico, "where he lived his entire life. In September 2007, he entered the United States with plans to work in Phoenix." Pre-Sentence Report, p. 6. The report also indicates that Gutierrez-Mendivil was deported on June 16, 2008, and illegally reentered the United States on September 5, 2009. In other words, it does not appear Gutierrez-Mendivil resided continuously in the United States from childhood. The pre-sentence report also indicates that Gutierrez-Mendivil decided to reenter the United States to find work in Phoenix; therefore, it cannot be said that cultural ties were Gutierrez-Mendivil's primary motivation for his illegal reentry.

Accordingly, IT IS ORDERED Defendant's Motion for Reduction of Sentence in Light of the November 1st 2010 Amendments to the U.S.S.G. (Doc. 23) is DENIED.

DATED this 17th day of December, 2010.

_____
Cindy K. Jorgenson
United States District Judge